**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| S.T.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | **Civil Action No. 24-09230 (SRC)**<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff S.T. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's applications for disability insurance benefits, filed January 10, 2018, and March 30, 2018, alleging disability beginning October 1, 2017. These claims were denied initially and on reconsideration. An ALJ then held a hearing on June 6, 2019. On August 2, 2019, this ALJ found Plaintiff not disabled. The Appeals Council subsequently granted Plaintiff's request for review and remanded the matter back to the ALJ. ALJ Dina R. Loewy (the "ALJ") held two additional hearings on January 10, 2023, and August

17, 2023, respectively. On October 4, 2023, the ALJ issued a partially favorable decision, finding Plaintiff to be not disabled before December 30, 2021, and awarding disability beginning on December 30, 2021. Plaintiff sought Appeals Council review, and the Appeals Council denied the request. Plaintiff then filed this appeal.

This appeal concerns the ALJ's denial of disability benefits for the period prior to December 30, 2021. Regarding that time period, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with additional exertional limitations. Also at step four, the ALJ found Plaintiff has no past relevant work experience. At step five, the ALJ found there were jobs existing in significant numbers in the national economy that Plaintiff could have performed, considering her age, education, work experience, and residual functional capacity.

Plaintiff argues that the ALJ's decision denying pre-December 30, 2021 disability benefits should be vacated and remanded for the following reasons: (1) the ALJ erred in concluding Plaintiff does not meet or medically equal several Listings at step three, and (2) at step four, the ALJ's RFC determination is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: (1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and (2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. Ultimately, she cannot meet this burden set forth by Shinseki, and that failure is detrimental to almost every argument Plaintiff makes. While she alleges that the ALJ failed to sufficiently explain an aspect of the decision at various points, Shinseki requires a demonstration that the specific unexplained point was material and the failure to explain was prejudicial. Generally, Plaintiff faults the ALJ for not giving a fuller explanation without any demonstration that, but for the ALJ's failure to explain something in more detail, Plaintiff would have met the burden of proof of disability at steps one through four.

Plaintiff argues that the ALJ erred in a number of ways at step three, but at no point does Plaintiff demonstrate that she was harmed by any of these alleged errors, as required by Shinseki. Plaintiff fails to muster the evidence of record to persuade that, but for these errors, Plaintiff might have proven that she met the criteria for a specific listed impairment, or for a medical equivalence to a specific listed impairment. As a result, Plaintiff has failed to demonstrate that any of the alleged errors at step three harmed her.

Plaintiff first argues that the ALJ's step three determination failed to combine and

compare her impairments with applicable listings. She cites Torres v. Commissioner of Social Security for support, where the Third Circuit found that "[t]here is no way to review the ALJ's decision in this case because no reasons were given for his conclusion that [the claimant's] impairments in combination did not meet or equal an Appendix 1 Listing." 279 Fed. App'x 149, 154 (3d Cir. 2008). Plaintiff's argument here is essentially that the ALJ's failure to explain her determination that the impairments, individually or in combination, do not meet or equal any Listing makes the decision unreviewable. But Plaintiff must first meet the burden of proof under Shinseki that she was harmed by any error. Plaintiff makes no such showing here. She does not muster any evidence of record demonstrating that her impairments, either individually or in combination, meet or equal a Listing. It is only after a claimant has offered a *prima facie* case that the evidence of record shows that Plaintiff meets or equals a Listing, that this Court has a basis to examine the ALJ's step three decision to ascertain whether the decision on that specific point is reviewable. Absent any such demonstration, this Court has no basis to fault the analysis at step three, or to find that the ALJ erred, or to find that an error in the ALJ's step three decision is harmful, or that the alleged lack of explanation has any material impact on Plaintiff's substantial rights.

Plaintiff also points to the fact that the ALJ did not explicitly mention the medical opinions and reports of various doctors at step three. This is another example of the aforementioned pattern: Plaintiff raises an argument based on an alleged deficiency in the ALJ's explanation, but she does not demonstrate that the specific unexplained point was material or that there is evidence that would otherwise support a finding of disability. Without such a demonstration, Plaintiff fails to meet the requirements of Shinseki and this Court can only

conclude that any error is harmless. Because Plaintiff has not made any demonstration that any material issue was overlooked at step three, and because the Court finds the ALJ's explanations at step three understandable, the Burnett standard for meaningful review has been satisfied. See Cosme v. Comm'r Soc. Sec., 845 Fed. App'x 128, 132 (3d Cir. 2021) ("Reading the decision as a whole, we find that the record and explanation of findings is developed enough to permit meaningful review and does not require remand.").

Plaintiff also challenges the ALJ's step three demonstration by arguing that the ALJ considered evidence outside the relevant scope of the Paragraph B and C criteria, parts of the "12.00 Mental Disorders" analysis. Plaintiff offers a lengthy critique of the ALJ's discussion of the Paragraph B and C criteria, but her argument here is not predicated on a demonstration that she meets all the criteria of a specific Listing. Absent such a demonstration, under Shinseki, any errors in the analysis of the Paragraph B or Paragraph C criteria cannot be material or harmful.

Plaintiff also argues that the ALJ failed to consider Plaintiff's severe obesity, which she identified as a severe impairment at step two, at step three. She quotes the ALJ's decision, where the ALJ made the following statement:

> Although there is no specific medical listing for obesity, obesity can complicate and aggravate existing physical and mental impairments, and can alone or in combination with other impairments medically equal a listing. However, in this case the undersigned has evaluated the claimant's obesity pursuant to the guidelines set forth in SSR 19-2p and has found that the functional effects of the claimant's obesity do not equal any medical listing.

(Tr. 59). The Third Circuit requires an ALJ to "meaningfully consider the effect of the claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009). "[A]bsent analysis of the cumulative impact of [a plaintiff's] obesity

and other impairments on her functional capabilities, we are at a loss in our reviewing function." Id.

But again, as with Plaintiff's other arguments concerning the ALJ's step three determination, she fails to meet the burden, set forth by Shinseki, of proving that any error involving the consideration of obesity was material and prejudicial by mustering the evidence of record to make a demonstration that the evidence of record supports a finding at step that P's obesity, when considered in combination with other evidence, meets or equals a Listing. Plaintiff does not marshal any evidence showing that a proper consideration of her obesity would have supported the conclusion that her impairments meet or equal a Listing. Under Shinseki, Plaintiff has not carried her burden of proof that any error regarding consideration of obesity was harmful.

While there are no precedential Third Circuit opinions in which the Court applied Shinseki in a social security case, two nonprecedential opinions are instructive. In Taylor v. Commissioner of Social Security, the Third Circuit affirmed the District Court's rejection of the claimant's argument that the ALJ failed to develop the medical evidence because the claimant "has not pointed to what information specifically was missing or what effect it would have had on the proceedings." 826 Fed. App'x 224, 226 (3d Cir. 2020). The Third Circuit found a similar issue in Melendez v. Commissioner of Social Security. It rejected the claimant's argument that the ALJ's failure to consider the newly enacted criteria warranted vacating and remanding the decision because that error was harmless. Melendez v. Comm'r of Soc. Sec., 2022 U.S. App. WL 4000389, at *7 (3d Cir. Sept. 1, 20220). The Third Circuit explained: "[W]e do not reverse unless Melendez can 'explain[] . . . how the . . . error to which he points

could have made any difference.' Melendez cannot, because he cannot show how—even under the revised criteria—he could have established a per se disability." Id. at *8 (quoting Shinseki, 556 U.S. at 413).

The same is true for Plaintiff here: "[W]e do not reverse unless [Plaintiff] can 'explain[] . . . how the . . . error to which he points could have made any difference.'" Id. Generally, in Plaintiff's arguments challenging the step three determination, Plaintiff does not explain how the error to which she points could have made any difference. Plaintiff does not marshal any evidence of record to show that she meets all the relevant criteria for any specific listing. Thus, this Court has no basis to find that any error was material and harmful, as required by Shinseki. Absent a demonstration with such additional evidence, under Shinseki and Melendez, this Court has no basis to find the alleged error anything but harmless. Therefore, because Plaintiff's step three argument does not meet the Shinseki standard, this Court rejects it.

Plaintiff next argues that the ALJ's RFC determination was not sufficiently explained or supported by substantial evidence. The Court has reviewed the step four RFC analysis and disagrees. At this step, the ALJ considered both Plaintiff's self-reports of her symptoms and the objective medical evidence of her knee disorder, her weight, and her mental impairments. (Tr. 61-68). This medical evidence consisted of the medical opinions of numerous doctors, the ALJ's assessment of supportability and persuasiveness of each discussed in her decision, and medical records dating back to August 2017. Id. As the Commissioner points out in his reply brief, "[t]he ALJ in this case explained that she found most persuasive the opinions of medical expert Steven Goldstein, M.D., and prior administrative medical findings of Hortensia Kelly, D.O., and Mary Ann Nicastro, M.D., endorsing a range of light work, because the opinions were

well supported by the evidence they reviewed showing that Plaintiff walked with a normal gait and had intact strength and sensation in her lower and upper extremities." (Defendant's Br. at 16-17). This Court finds the ALJ's decision to be carefully reasoned and finds that she carefully considered all the evidence of record. This is enough to meet the substantial evidence standard.

Further, just as with Plaintiff's step three argument, the step four challenge also fails to meet the Shinseki standard. Plaintiff makes no demonstration of how the evidence of record would support any additional or greater limitations; in other words, Plaintiff does not show how any error that occurred at this step was material or harmful in any way. Absent a demonstration of harmful error, under Shinseki, this Court has no basis to find prejudicial error at step four.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that Plaintiff was harmed by any errors. This Court finds the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: November 13, 2026